IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| B.T., by and through his Mother, MARY T.,<br><br>       Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>       Defendant.<br>_____<br><br>B.T., by and through his parent and next best friend, MARY T.,<br><br>       Plaintiff,<br><br>   vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>       Defendant.<br>_____ | Civ. No. 08-00356 DAE-BMK<br>Civ. No. 09-00059 DAE-BMK<br>(CONSOLIDATED)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES; FINDING AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES AND DEFENDANT'S REQUEST FOR FEES |

ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES; FINDING AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED <u>NONTAXABLE EXPENSES AND DEFENDANT'S REQUEST FOR FEES</u>

Before the Court is Plaintiff's Motion For Attorneys' Fees and

Related Nontaxable Expenses and Defendant's Motion to Strike Plaintiff's Motion

For Attorneys' Fees and Related Nontaxable Expenses.  Defendant argues that Plaintiff's motion for fees is premature, and Defendant requests fees it incurred in opposing that motion and moving to strike it.  After careful consideration of the motions and the supporting and opposing memoranda, Defendant's motion to strike is GRANTED IN PART insofar as the Court STRIKES Plaintiff's Motion For Attorneys Fees and Related Nontaxable Expenses.  The Court also FINDS and RECOMMENDS that Plaintiff's and Defendant's requests for fees be DENIED.

        Plaintiff's motion for fees was filed pursuant to Local Rule 54.3, which provides:  "Unless otherwise provided by statute or ordered by the court, a motion for an award of attorneys' fees and related non-taxable expenses must be filed within fourteen (14) days of entry of judgment."  The term "judgment" is defined by the Federal Rules of Civil Procedure as "a decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).

        Plaintiff argues that Judge David Alan Ezra's July 7, 2009 Order constitutes a "judgment" because it is an interlocutory order "granting, continuing, modifying, refusing or dissolving [an] injunction."  (Opp. at 1.)  Specifically, Plaintiff points to the following language in that order:  "the State of Hawaii is enjoined from implementing a per se rule denying special education services based solely on [students] attaining the age of 20."  (Id.)  Plaintiff contends that this

language "grants Plaintiff a permanent injunction and also modifies the preliminary injunction granted earlier." (Id.)

Earlier in this case, Judge Ezra granted Plaintiff a preliminary injunction and modified it twice. The first injunction ordered Defendant "to continue payments to the Heartspring School on B.T.'s behalf until the pending administrative proceedings were complete, the case was resolved, B.T. turned 21 years old, or by further Order of this Court, whichever came sooner." (November 11, 2008 Order at 2.) The Court thereafter modified the original injunction and ordered DOE to "continue payments to the Heartspring School on B.T.'s behalf so that he may be provided services by them until November 30, 2008." (Id. at 3.) Later, the Court again modified the injunction after finding that Plaintiff "will be left without guarantee of services of any kind from November 30, 2008 to January 14, 2009." (Id. at 9.) The Court therefore ordered DOE:

> to continue payments to the Heartspring School on B.T.'s behalf until December 19, 2008, which is the end of the regularly scheduled school semester. At that time, DOE must transport B.T. back to Hawaii and place B.T. for half-day schedule at Loveland Academy until a decision is rendered in the DCCA hearing or until a decision is rendered on Plaintiff's Motion for Summary Judgment, whichever is sooner.

(Id. at 10-11.)

In sum, the preliminary injunction and its modifications dealt with the time period during which Defendant was to provide continuous services to Plaintiff. Judge Ezra's statement in the July 7, 2009 Order that Defendant "is enjoined from implementing a per se rule denying special education services based solely on [students] attaining the age of 20" does not modify the preliminary injunction in any way. That statement similarly fails to grant Plaintiff a permanent injunction. Plaintiff's First Amended Complaint in Civ. No. 08-00356 DAE-BMK prayed only for an injunction prohibiting Defendant "from failing or refusing to pay Heartspring School expenses incurred for plaintiff B.T. during the pendency of proceedings." Plaintiff's Complaint in Civ. No. 09-00059 DAE-BMK similarly requested that Defendant be required to fund services for Plaintiff. The statement in the July 7, 2009 Order does not grant Plaintiff any relief requested in the Complaints. Accordingly, the Court rejects Plaintiff's argument that the statement somehow modifies the preliminary injunction or grants a permanent injunction.

Judgment has not been entered, as these consolidated cases are still pending. Indeed, a hearing date of December 14, 2009 is currently set for (1) a hearing on the administrative record in Civ. No. 09-00059 DAE-BMK, and (2) a hearing on dispositive motions filed in Civ. No. 08-00356 DAE-BMK. Given the absence of any judgment and that the July 7, 2009 Order does not grant or modify

an injunction, the Court concludes that Plaintiff's motion for fees is premature under Local Rule 54.3 and GRANTS Defendant's motion to the extent it requests to strike Plaintiff's motion for fees.  Because the Court strikes Plaintiff's motion for fees, it also RECOMMENDS that Plaintiff's request for fees and nontaxable costs be DENIED.

Defendant's motion to strike also asks the Court to award it fees incurred in opposing Plaintiff's motion for fees and in moving to strike that motion.  Defendant seeks fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II).  That provision of the IDEA authorizes courts to award fees

> to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

Although the Court concludes that Plaintiff's motion for fees is premature, Plaintiff's position was not frivolous, unreasonable, or without foundation as required under § 1415(i)(3)(B)(i)(II).  The Court therefore RECOMMENDS that Defendant's request for fees be DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 18, 2009.

.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

B.T., by and through his Mother, Mary T. v. Department of Education, State of Hawaii, Civ. No. 08-00356 DAE-BMK; Civ. No. 09-00059 DAE-BMK (Consolidated); ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES; FINDING AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES AND DEFENDANT'S REQUEST FOR FEES.