IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| B.T., by and through his Mother, | ) | CV. NO. 08-00356 DAE-BMK |
| MARY T, | ) | CV. NO. 09-00059 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| State of Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT; AND (2) GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On December 14, 2009, the Court heard Plaintiff's Motion for

Summary Judgment and Defendant's Motion for Summary Judgment.  John

Dellera, Esq., appeared at the hearing on behalf of Plaintiff; Steve Miyasaka,

Deputy Attorney General, appeared at the hearing on behalf of Defendant.  After

reviewing the motions and the supporting and opposing memoranda, the Court

**GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for summary

judgment and **GRANTS IN PART AND DENIES IS PART** Defendant's motion

for summary judgment.  (Docs. ##  122, 124.)

BACKGROUND

This matter concerns the State of Hawaii Department of Education's ("DOE") obligation under the Individuals with Disabilities Educational Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., to provide a free appropriate public education ("FAPE") to B.T., a severely disabled, 21-year-old autistic man born in Hawaii on July 4, 1988.  In particular, the IDEA provides that FAPE "is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive."  20 U.S.C. § 1412(a).  "The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children – (i) aged . . . 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges."  20 U.S.C. § 1412(a)(1)(B).

In May 2005, B.T. began attending Heartspring (the "Kansas School"), a private special needs facility, in Wichita, Kansas.  DOE paid the costs of this schooling pursuant to B.T.'s individualized education plan ("IEP") under the IDEA.

On June 27, 2005, B.T. by and through his Mother, Mary T. (collectively, "Plaintiff"), filed an administrative challenge to B.T.'s June 22, 2005

IEP.  On November 14, 2005, a hearings officer found that DOE had offered a

FAPE to B.T. for the 2005-2006 school year, which included moving B.T. from the

Kansas School to a residential type program on Oahu.  Plaintiff appealed the

decision to this Court, which was heard by United States District Judge Helen

Gillmor on September 12, 2006.  Judge Gillmor affirmed the hearing officer's

determination on March 21, 2007.  On June 25, 2008, the Ninth Circuit dismissed

Plaintiff's appeal.

Prior to the Ninth Circuit's decision, on November 16, 2007, a

meeting was held by B.T.'s IEP team.  DOE asserts that Plaintiff was informed at

this meeting that B.T. would "age out" on his twentieth birthday and would not be

entitled to services as of July 4, 2008.[1]  Plaintiff claims that DOE previously

informed her that it would provide B.T. special education and related services at

the Kansas School through November 2008 and that the issue of future services

would be re-considered in October 2008.  Plaintiff believed that B.T. would

continue to receive services from DOE in the form of payment to the Kansas

School through November 2008.

---

[1] IDEA defers to the individual states to determine eligibility based on the age of children requiring special education.  Hawaii Administrative Rules, Section 8-56-15 provides that a student must be under the age of 20 upon the first day of instruction for the school year.

On February 4, 2008, Plaintiff filed an administrative challenge to the November 16, 2007 IEP.  On March 7, 2008, the parties agreed to continue the pre-hearing until September 4, 2008, because the Ninth Circuit was expected to rule on Plaintiff's appeal regarding a FAPE for the 2005-2006 school year and this ruling might dispose of the issues in the administrative challenge.  Instead, as set forth above, the Ninth Circuit dismissed Plaintiff's appeal.

On June 30, 2008, DOE held a meeting to discuss B.T.'s extended school year ("ESY") program for the summer of 2008.  DOE offered B.T. ESY services to address communication, academics, career-life, socialization goals and objectives, speech and occupational therapy, and placement in an adult foster home with a vocational day program component.  It was also determined that DOE would pay for temporary placement at Loveland Academy, as Plaintiff had placed B.T. there upon his return from the Kansas School instead of at the vocational/residential facility contained in B.T.'s IEP.  Plaintiff contends that, at this meeting, DOE revoked its prior decision to provide services to B.T. until November 28, 2008, and informed Plaintiff that funding for the Kansas School would be terminated effective July 29, 2008.

On July 2, 2008, Plaintiff filed an administrative complaint pertaining to the June 30, 2008 meeting, alleging that DOE violated B.T.'s due process rights

and that DOE was responsible for services to B.T. beyond his twentieth birthday. Plaintiff additionally sought one year of compensatory education because of DOE's alleged previous violations of B.T.'s rights under the IDEA.  On July 3, 2008, DOE sent Plaintiff a letter informing her that, because B.T. would turn 20 on July 4, 2008, and because this would occur prior to the start of the 2008-2009 academic year, B.T. would be ineligible for special education and related services for the upcoming school year.

On July 8, 2008, DOE sent another letter to Plaintiff, again informing Plaintiff that B.T. was eligible for services only up to the end of the ESY period for the 2008 summer.  This letter also informed Plaintiff that the first instructional day for the 2008-2009 school year was July 29, 2008, and that B.T. would not be eligible for special education as of this date.

On July 29, 2008, Plaintiff sent a letter to DOE stating that Plaintiff expected B.T.'s FAPE to continue until the previously agreed upon November 28, 2008 date pursuant to the "stay put" provision of IDEA.  This letter also threatened federal action if the DOE failed to comply.  DOE responded on August 1, 2008, stating that it believed the "stay put" was inapplicable as B.T. was no longer age-eligible for services.  On August 4, 2008, the Kansas School informed Plaintiff that DOE had stopped making payments on July 1, 2008.  On August 5, 2008, Plaintiff

filed a motion for relief under the "stay put" rule, a hearing on which was scheduled for August 13, 2008.

On August 6, 2008, Plaintiff, acting pro se, filed the instant lawsuit. That same day, Plaintiff also filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. This Court granted the TRO on August 6, 2008. This Court then granted the motion for a preliminary injunction on August 21, 2008 and ordered the DOE to continue payments to the Kansas School until the pending administrative proceedings were completed, the case was resolved, B.T. turned 21 years old, or by further order of the Court, whichever occurred first. The preliminary injunction was modified to limit the DOE's obligation to pay for the Kansas School until November 30, 2008. On November 18, 2008, the preliminary injunction was modified again. In that order, the Court ordered DOE to continue payments to the Kansas School on B.T.'s behalf until December 19, 2008, at which time DOE was ordered to transport B.T. back to Hawaii and place B.T. for half-day schedule at Loveland Academy until a decision was rendered in the administrative hearing or until a decision was rendered on the instant motion, whichever occurred first.

On August 12, 2008, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. # 14.)

In an Order filed December 17, 2008, the Court denied Plaintiff's motion for summary judgment.  (Doc. # 17.)  At issue was Hawaii Administrative Rule ("HAR") § 8-56-15, which provides that disabled students qualifying for special education must be "[u]nder twenty on the first instructional day of the school year set by the department.  A student who is under twenty years of age on the first instructional day of the school year set by the department, but who reaches the age of twenty during the school year, shall be eligible for the full school year, including extended school year when the requirements of section 8-56-40 are met." Plaintiff argued that the automatic age bar at 20 years old for disabled students in Hawaii did not reflect state law with regard to general education students, because in some cases general education students are allowed to attend school after the age of 20.  This Court found that several State statutes contemplate circumstances under which a general education student would be over the age of 20.  (Doc. # 54 at 10-12.)  Summary judgment was denied, however, because there was a genuine issue of material fact as to what the DOE's "practice" is respecting the provision of general public education to children 20 years or older.  (Doc. # 54 at 13.)  The Court stated: "If DOE's practice is to not admit general education students who are 20 years old at the start of the school year, then the IDEA would be inconsistent with State practice and IDEA would not apply."  (Id. at 13.)  Furthermore, the

Court found that although HAR § 8-56-15 prohibits disabled children from continuing special education services after reaching the age of 20, there was no such prohibition for general education students.  Instead, Hawaii Revised Statutes section 302A-1134(c) prohibits students 18 years or older from entering the 10th grande but is silent with regard to age limits to the 12th grade.  Pursuant to that order, the preliminary injunction remained in effect and DOE was ordered to pay for B.T.'s placement at Loveland until the Court ruled on the merits of this matter.

In an Order filed on July 7, 2009, the Court granted in part and denied in part Defendant's motion for summary judgment, granted Defendant's motion to strike Plaintiff's counter motion for summary judgment, and denied Plaintiff's motion to amend the Rule 16 scheduling order.  (Doc. # 87.)  The Court granted Defendant summary judgment as to the third claim for relief in Plaintiff's FAC. The first and second claims for relief remain.

On October 1, 2009, Plaintiff filed the Opening Brief on the administrative appeal.  (Doc. # 121.)  Defendant's Answering Brief was filed on November 2, 2009.  (Doc. # 131.)  On November 16, 2009, Plaintiff filed the Reply Brief.  (Doc. # 135.)

Also on October 1, 2009, Plaintiff and Defendant both filed motions for summary judgment.  (Docs. ## 122, 124.)  On November 2, 2009, Plaintiff and

Defendant filed their respective oppositions.  (Docs. ## 129, 133.)  On November 16, 2009, Plaintiff and Defendant filed their respective replies.  (Docs. ## 134, 136.)

Defendant now presents to the Court that on October 26-27, 2009, the IEP team held a meeting with Mary T. and Plaintiff's counsel present.  An IEP was supposedly developed for B.T., placing B.T. on a public school campus.  (Doc. # 136 at 2.)

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  "A material fact is one which may affect the outcome of the litigation."  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  In other words, the moving party satisfies its burden under Rule 56 by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325.  A moving party without the ultimate burden of persuasion at trial -- usually, but not always, the defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial'" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence

10

without page or line numbers.  <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir. 2003).  "[A]t least some 'significant probative evidence'" must be produced.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  <u>Addisu</u>, 198 F.3d at 1134.  The issue of material fact need not be "'resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing version of the truth at trial.'"  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (quoting <u>First Nat'l Bank</u>, 391 U.S. at 288-89).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  <u>Porter</u>, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  <u>Id.</u>  However, inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party.

T.W. Elec. Serv., 809 F.2d at 631.

DISCUSSION

The threshold inquiry in this case is whether the IDEA's requirement to make FAPE available to children with disabilities through age 21 is inconsistent with the State of Hawaii's law, practice, or court order, and therefore inapplicable in Hawaii.  For the reasons set out below, the Court concludes that the IDEA's requirement is not inconsistent with the State of Hawaii's law, practice, or court order.

I.      Maximum Age Limit for Special Education Services in Hawaii

The parties have, once again, filed motions for summary judgment on the issue of the maximum age limit for special education services in Hawaii.  The Court will address the motions simultaneously.

As discussed above, the IDEA provides that FAPE "is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive."  20 U.S.C. § 1412(a).  There is a pertinent exception to this mandate, however, for student between the ages of 18-21, inclusive, if providing FAPE to students 18-21 would be "inconsistent with State law or practice, or the order of

any court, respecting the provision of public education to children in those age ranges." Id. § 1412(a)(1)(B).

Whether section 1412(a) of the IDEA is inconsistent with the State of Hawaii's provision of public education to children aged 18-21 dictates whether B.T. should be provided FAPE through his 21st year until his 22nd birthday. Defendant argues that the State of Hawaii has established a maximum student age of 20 years old and therefore the State of Hawaii qualifies for the exception under section 1412(a)(1)(B) and need not provide B.T. with FAPE through age 21. Plaintiff counters that the State of Hawaii does not have a law, practice, or court order restricting the maximum age of students to 20.

The underlying material facts at issue for these motions, including the applicable Hawaii statutes and administrative regulations and policies and the number and ages of students admitted each school year, are generally undisputed. The parties do heavily dispute the legal conclusions and inferences to be drawn from the facts and points of law. In considering these motions for summary judgment, the Court will not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Porter, 419 F.3d at 891. However, inferences may be drawn from underlying facts not in dispute. T.W. Elec. Serv., 809 F.2d at 631.

13

A.      State Law

This Court has twice addressed the question of State law as it bears on

provision of FAPE to students 18 through 21 years of age, in orders filed on

December 17, 2008 (the "December 17, 2008 Order") and on July 7, 2009 (the

"July 7, 2009 Order").   Neither party filed a motion for reconsideration of those

Orders, and the Court will therefore address the parties' motions but will not revisit

the issue in great detail

The State's administrative regulations explicitly set a maximum age

bar for special education at 20 years of age.   HAR § 8-56-15(3)(B) provides that a

student qualifies as a student with a disability if the student meets certain criteria,

including the requirement that the student be "under twenty on the first

instructional day of the school year."   Id. § 8-56-15(3)(B) (emphasis added).   There

is no provision that allows for the eventuality that a student might be over 20 at the

beginning of any school year.   Based on this plain-language reading of the rule, a

student would not be able to start a school year at age 21 and would be prohibited

from receiving class time for the last year prior to the student's 22nd birthday as

the IDEA would have allowed.

There is no such rigid rule for general education students under State

law.   As the Court noted in its December 17, 2008 Order and July 7, 2009 Order,

several state statutes anticipate and allow for students in general education to attend school after reaching the age of 20.  Hawaii Revised Statutes ("HRS") section 302A-1134(c) provides that a student may enter the tenth grade even if the student is over 18 years of age, if that student receives written permission from the superintendent.  As the Court noted in its prior orders, it is significant that no further age restrictions are placed on general education students in HRS 302A-1134.  There is no limitation on how old a general education student may be upon entering grade 12.  Moreover, this statute explicitly provides the superintendent the authority to make exceptions to this rule.  No such flexibility is provided for in the administrative rule regarding disabled students.  Another statute, HRS section 302A-401(b) clearly contemplates a situation in which a public high school student may be 20 years of age at the beginning of the school year, because the statute defines an "eligible student" as a student in eleventh or twelfth grade who is under the age of 21 at the beginning of the year.  As Plaintiff correctly observes in the Opposition to Defendant's motion, Hawaii law allows for public education to students without disabilities after they become 20 years of age.  (Pl. Opp'n at 3-4.)

Defendant has not submitted new facts or arguments in its motion for summary judgment, or in its opposition to Plaintiff's motion, to contradict this Court's understanding of the statutes and rules.  Instead, Defendant relies on the

same arguments and evidence twice rejected by this Court in its prior orders. Defendant avers that an age limit of 20 years old for all students has been "established by implication" in Hawaii law.  (Def. Mot. at 14.)  As discussed above and in the Court's prior orders, the Court disagrees with Defendant's assertion that the statutes imply that a student may not be over 20 years of age – quite the contrary.[2]  Defendant's argument is also circular, as Defendant seems to argue that because HAR § 8-56-15(3)(B) limits the age to 20 years, the rule is therefore valid as an exception to IDEA.  Defendant misses the point, however, because the exception allowed for in the IDEA does not focus solely on the State's laws for disabled children.  Instead, the IDEA pertains to a State's "provision of public education to children in [the range 18-21]."  The State's laws restricting the age limit must therefore pertain to <u>all</u> children, not only disabled children.  The State's laws do not do so, either explicitly or by implication.

Therefore, the Court's review of State law, alone, does not indicate that the State of Hawaii may be exempt from the IDEA on these grounds.

---

[2] Defendant does not address whether the age provision in the IDEA can, in fact, be negated by implication.  This Court needs to reach this issue, as the Court finds that the statutes do not establish an age limit by implication.

B.    <u>State Practice</u>

The parties do not contend that there are issues of material fact as to whether the State's practice is to admit general education students who are 20 years old and the start of the school year, but the parties do take diametrically opposite interpretations of what the established policy is.

In the December 17, 2008 Order, this Court found that an issue of fact remained as to whether any unifying practice exists.  The parties subsequently submitted additional information concerning the number of "over age" general and special education students who obtained permission to attend school.  In the July 7, 2009 Order, this Court reviewed this information and determined that there was not a genuine issue of material fact as to the actual number of students admitted.  The Court noted, however, that the statistical significance of the enrollment numbers provided by Defendant, which indicated that less than 1% of students admitted were over age, remained unclear.  (July 7, 2009 Order at 15.)

In raising this issue anew, Defendant submits declarations and statistics already considered by this Court when evaluating the prior motions. (Def. Mot. at 16-18.)  Defendant again provides this Court with data on the number of general education and special education students who attended school during the 2002-2003 through 2008-2009 school years.  (<u>Id.</u> at 16-17.)  As would be expected,

17

the number of special education students is significantly fewer.  Defendant also submits the number of general education and special education students who turned 20 before the start of the school year and would be considered "over age." In every year except the 2008-2009 school year, there were at least 2 and as many as 7 general education students admitted.  In every year, there were at least 2 and as many as 12 special education students admitted.  (Id. at 18.)  The "percentage of over age general education student and special education eligible students . . . was less than 1%" of the total number of students.  (Id. at 19.)

Plaintiff submits data reaching further back, beginning with the 1999-2000 school year.  (Pl. Mot. at 3.)  The number of general and special education students on record who were over age totaled 111.  (Id. at 4.)  Defendant does not dispute these numbers.

Defendant again requests that this Court conclude that these numbers are "statistically insignificant" and that the State's practice is to allow students to attend school only until they are 20 years old.  (Def. Mot. at 19.)  The Court will not.

Defendant provides no legal argument and no authority upon which this Court could conclude that those 111 students are "statistically insignificant." Defendant attempts to dispose of this Court's concern this way:

18

> Defendant admits that on occasion both general education and special education eligible students have been allowed to continue attending public schools even when they were 20 years old on the first day of instruction.  However, statistically, the numbers of such students are simply not significant and should not be found to establish a different age limit under Hawaii law.

(Def. Opp'n at 3.)

This Court is not convinced that "statistically significant" is in fact the standard to apply when evaluating a State's compliance with the FAPE provisions of the IDEA.  To the contrary, other circuits have rejected the stance espoused by Defendants.  The Seventh Circuit held that a school district satisfied its obligations when it provided education to disabled students in <u>at least the same proportion</u> as it provided similar services to non disabled students, where 10 of the 418 disabled students enrolled were age 18 and over and 24 of the 3,175 non disabled students were age 18 and over.  <u>Timms on Behalf of Timms v. Metropolitan School District of Wabash County</u>, 722 F.2d 1310, 1314 (7th Cir. 1983); 20 U.S.C. § 1412(2)(B) (1976).  The Second Circuit ruled that "the substantial compliance standard cannot be applied to . . . enforce the individual rights conferred by the [IDEA] . . . . [A]ccess to a 'free appropriate public education' is a right that the IDEA guarantees to individual disabled children. . . . With respect to that obligation, the IDEA does not simply require substantial compliance on the part of participating

states; it requires compliance." <u>D.D. ex rel. V.D. v. New York City Bd. of Educ.</u>, 465 F.3d 503, 511-512 (2nd Cir. 2006).  Further, as Plaintiff notes, the U.S. Supreme Court has ruled that even a 10-day suspension is "a serious event in the life of the suspended child" for purposes of due process.  <u>Gross v. Lopez</u>, 419 U.S. 565, 576 (1975).  Here, an entire year of education is at jeopardy.  The Court will not rule that a year is statistically insignificant, or that 111 students are statistically insignificant, particularly in light of the fact that the evidence indicates that these 111 students represent 100% of those over age students who sought enrollment.

        The State has not met its burden to demonstrate that it should be exempted from the IDEA's mandate to provide special education students with education through 21 years of age.  The fact is that the State does not have a policy that prohibits students from attending school after 20 years of age.  There are exceptions provided for in statute that would allow a student to attend school after 20 years of age.  Data before this Court shows that 111 students have enrolled after 20 years of age; there is no data before this court that any request by an over age <u>general</u> education student has ever been denied.  The IDEA's provision of FAPE for a special education student through 21 years of age is therefore in conformity with the State's policy.  If the State of Hawaii has an established practice, the

evidence shows that practice is to allow over aged students to attend school upon application to the superintendent.

    C.    <u>Court Order</u>

        Defendant next assert that this Court's August 3, 2000 Revised Consent Decree in <u>Felix v. Cayetano</u>, Civ No. 93-00367 DAE, qualifies as an "order of any court" exempting the State from the IDEA's age provision in section 1412. (Def. Mot. at 20.) Defendant argues that the Consent Decree "is binding on Plaintiff and establishes a maximum age of 20 under the IDEA and Section 504." (<u>Id.</u>)

        This strained argument is unavailing. The Plaintiff Class was defined in the Consent Decree as "all children and adolescents with disabilities residing in Hawaii, from birth to 20 years of age, who are eligible for and in need of education and mental health services." (Def. Mot. Ex. 1 at 5.) The Court merely defined the plaintiff class for purposes of that case. The Court did not set age 20 as the maximum age limit under State law for compliance with the IDEA. The Court certainly did not rule on the maximum age relevant to the facts at issue here, nor was the matter briefed and argued by the parties. In fact, the Consent Decree explicitly intends that the State come into compliance with the provisions of the IDEA. (Def. Mot. Ex. 1 at 3.) Nowhere in the Consent Decree did this Court state

that it was creating a limitation on the maximum age for which the State must

provide FAPE.  It is now apparent from the briefing and evidence in <u>this</u> case that

the State has a flexible policy for admitting over age general education students.

The Court commends the State of Hawaii, as the Court has done in

prior orders, for recognizing there are instances where it is necessary to allow a

student age 20 or above the opportunity to complete his or her public education.

Under the IDEA, the State is obligated to do as much for special education

students.

Summary judgment is therefore GRANTED to Plaintiff as to

Plaintiff's First Claim for Relief[3] and Defendant's motion for summary judgment

as to Plaintiff's First Claim for Relief is DENIED.  The Court does not, however,

usurp the role of the IEP team to provide special education and related services in

the manner and location that the team considers appropriate.  <u>See</u> 20 U.S.C.

§ 1414(d).  The Court is not requiring Hawaii schools to provide special education

to every student through 21 years of age in every situation.  Defendant is enjoined

---

[3] In so holding, this Court does not rule on Plaintiff's allegation that
Defendant should be estopped from taking the position it does here because
Defendant allegedly made misrepresentations to obtain IDEA funding.  (Pl. Mot. at
20-22.)  Such a determination is not necessary for disposition of the instant
motions.

from denying special education services based <u>solely</u> on a student's attainment of age 20.

II.   <u>Section 504 of the Rehabilitation Act of 1973</u>

Plaintiff also alleges that Defendant discriminated against Plaintiff in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by depriving B.T. of services after twenty years of age solely because of B.T.'s disability.  (FAC at 6.)

Defendant moves this Court to dismiss Plaintiff's Second Claim for Relief because Plaintiff has abandoned the claim for damages.  (Def. Mot. at 22.) Plaintiff admits that no damages are sought because "damages were avoided by this Court's temporary restraining order and preliminary injunction."  (Pl. Opp'n at 7.)  Plaintiff nevertheless argues that "a permanent injunction against violations of Section 504 is still requested by Plaintiff in <u>ad damnum</u> clauses B and C of the First Amendment Complaint."  (Pl. Opp'n at 7.)  The Court disagrees.  Plaintiff's second claim for relief specifically alleged damages, about which Plaintiff now concedes there were none.  Clause B requests "a permanent injunction enjoining Defendant . . . from failing or refusing to pay Heartspring School expenses incurred for plaintiff B.T. during the pendency of proceedings."  (FAC at 6-7.) The right to this relief arises from violations of the IDEA.  Clause C contains no

further specified relief but requests any other relief as this Court may deem appropriate.

Accordingly, as to Plaintiff's Second Claim for Relief, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.  Plaintiff's Second Claim for Relief is hereby DISMISSED.

## CONCLUSION

For the reasons stated above, the Court: (1) GRANTS IN PART AND DENIES IN PART Plaintiff's motion for summary judgment; and (2) GRANTS IN PART AND DENIES IN PART Defendant's motion for summary judgment. Plaintiff's Second Claim for Relief is DISMISSED.  Plaintiff's First Claim for Relief remains.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 14, 2009.



_____
David Alan Ezra
United States District Judge

B.T. v. Department of Education, CV No. 08-00356 DAE-BMK; ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT